# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:23-CR-149 |
| | : | |
| -vs- | : | JUDGE MANNION |
| | : | |
| DAMIEN BOLAND, | : | |
| ALFRED ATSUS, | : | |
| JOSEPH ATSUS AND | : | |
| NICHOLAS DOMBEK | : | |
| Defendant | : | ELECTRONIOCALLY FILE |

## MOTION TO QUASH SUBPEONA

**AND NOW COMES,** The Defendant Thomas Trotta, by and through undersigned counsel, Joseph R. D'Andrea, Esquire respectfully moves this Court for an order quashing the subpoena duces tecum served on Joseph R. D'Andrea, Esquire by Counsel for the Defendant, Patrick Casey, Esquire, on January 3, 2025. The subpoena seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, and other applicable privilege. In support of this motion, Defendant states as follows:

**BACKGROUND**

1. On January 3, 2025, Patrick Casey, attorney for the Defendant, served a subpoena duces tecum on Joseph R. D'Andrea, demanding production of documents related to Thomas Trotta and/or Dawn Trotta.

2. The subpoena requests the production of documents that include any and all documents concerns any Rights Agreements, Media Communications, and/or Fee Agreements.

3. The requested materials are protected by the attorney-client privilege and work product doctrine, as they consist of confidential communications between attorney and client made for the purpose of obtaining or providing legal advice and materials prepared in anticipation of litigation.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 17(c) governs subpoenas in criminal cases and limits their use to obtaining evidentiary materials that are relevant, admissible, and specific. See United

States v. Nixon, 418 U.S. 683, 700 (1974). A subpoena must not be used for general discovery or to obtain privileged or otherwise protected materials. Id. at 709.

**ARGUMENT**

**I. The Subpoena Seeks Privileged Materials**

4. The materials requested by the subpoena are protected by the attorney-client privilege and work product doctrine.

5. The attorney-client privilege protects confidential communications between attorney and client made for the purpose of obtaining or providing legal advice. See Upjohn Co. v. United States, 449 U.S. 383, 389 (1981).

6. The work product doctrine protects documents and tangible things prepared in anticipation of litigation by or for a party or its representative. See Fed. R. Civ. P. 26(b)(3); Hickman v. Taylor, 329 U.S. 495, 510 (1947).

7. The subpoena requested any and all documents relating to Fee Agreements. These Fee Agreements are protected under attorney-client privilege and the work product doctrine as they involve sensitive information about the client's financial situation, the scope of legal services, and the legal strategy to be used, which are considered privileged information. Furthermore, there is no relevance to the defense of Mr. Trotta's legal fees.

8. The subpoena also requested any and all documents relating to Rights Agreements, which are also protected by attorney-client privilege and the work produce doctrine. No formal Rights Agreement exist between the parties.

9. The subpoena requested any and all documents relating to Media Communications. No written media communications exists.

10. Furthermore, the requested documents were executed within the context of the attorney client relationship, therefore the Defendant has a reasonable assumption to privacy, and Counsel for the Defendant maintains the privilege awarded to him.

**II. The Subpoena Fails the Nixon Test**

11. The Supreme Court in Nixon established that a subpoena under Rule 17(c) must seek materials that are: (1) relevant; (2) specifically identified; and (3) admissible. 418 U.S. at 700.

12. The subpoena fails to meet these requirements because:

    a) The materials sought are not specifically identified and amount to an impermissible fishing expedition.

    b) The subpoena seeks privileged materials that are not admissible in evidence.

    c) Counsel for the Defendant has not demonstrated that the requested materials are relevant and necessary to its case.

**III. Compliance with the Subpoena Would Cause Undue Burden**

13. Compliance with the subpoena would impose an undue burden on Joseph R. D'Andrea by requiring the production of privileged materials and by necessitating a burdensome privilege review and log preparation.

**CONCLUSION**

For the foregoing reasons, the Defendant respectfully requests that this Court quash the subpoena issued on January 3, 2025 to Joseph R. D'Andrea. Alternatively, Defendant requests that the Court issue a protective order limiting the scope of the subpoena to exclude privileged materials.

Respectfully submitted,

s/Joseph R. D'Andrea
Joseph R. D'Andrea, Esquire
Attorney ID# PA 43105
320 N. Blakely Street,
Dunmore, PA 18512
(570) 207-7100
Fax: (570) 2077103

# CERTIFICATE OF SERVICE

I, Joseph D'Andrea, Esquire, hereby certify that a true and correct copy of the foregoing Motion to Quash Subpoena was served on this 23nd day of January 2025 upon all counsel of record via the Court's ECF system and via electronic mail to the following:

Patrick Casey, Esquire
Myers, Brier, and Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
Email: pcasey@mbklaw.com

 s/Joseph R. D'Andrea
Joseph R. D'Andrea, Esquire

Dated:  23 January 2025